UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| OSCAR URIBE,<br><br>　　　　　　　　　Petitioner,<br>v.<br>ISIDRO BACA, et al.,<br>　　　　　　　　　Respondents. | Case No. 3:15-cv-00309-RCJ-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Oscar Uribe's amended petition (ECF No. 24). Uribe opposed (ECF No. 25), and respondents replied (ECF No. 28).

I.　**Procedural History and Background**

On October 25, 2010, Uribe pleaded guilty to second-degree murder with use of a firearm (exhibit 28).[1] The state district court sentenced him to a term of 10 to 25 years with a consecutive term of 60 to 150 months for the deadly weapon enhancement. Exh. 37. The judgment of conviction was filed on December 17, 2010. *Id.*

The Nevada Supreme Court affirmed Uribe's conviction on July 15, 2011, and remittitur issued on August 11, 2011. Exhs. 59, 60.

The state district court conducted an evidentiary hearing on Uribe's counseled, state postconviction petition and subsequently denied the petition. Exhs. 64, 79, 65. The

---

[1] The exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 12, and are found at ECF Nos. 13-15.

1

Nevada Supreme Court affirmed the denial of the petition on November 12, 2014, and remittitur issued on December 8, 2014. Exhs. 75, 76.

Uribe dispatched his federal habeas petition for filing on or about April 1, 2015 (ECF No. 7). He filed an amended petition on May 22, 2017 (ECF No. 23). Respondents have filed a motion to dismiss some grounds in the petition as untimely or unexhausted (ECF No. 24).

## II. Legal Standards & Analysis

### Relation Back

Respondents argue that grounds 1.2, 1.3, 2, 3, and 5 of the amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 24, pp. 5-8). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts

as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Uribe timely filed his original petition. The AEDPA one-year limitation period expired about October 30, 2015. This court granted Uribe's motion for leave to file an amended petition; however, the claims in the amended petition still must relate back to his timely, original federal *pro se* petition in order to be deemed timely. 28 U.S.C. § 2244(d); *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002).[2]

**Grounds 1.2 and 3**

Uribe alleges ineffective assistance of plea counsel in violation of Uribe's Sixth Amendment rights. He asserts that counsel failed to explain the proper standard of proof for a criminal conviction before advising him to plead guilty to second-degree murder with use of a deadly weapon and accept a sentence of 10 to 25 years in prison with the weapon enhancement free to argue (ECF No. 23, p. 4; *see also* exh. 77, p. 11)).

In ground 3 Uribe contends that he did not knowingly and voluntarily plead guilty in violation of his Fifth, Sixth and Fourteenth Amendment rights (ECF No. 23, p. 4, 7-8). He states that counsel failed to adequately review the discovery with him, including the testimony of some witnesses, so that he could have understood the possible defenses, especially that he acted in self-defense or that he had committed manslaughter.

In Uribe's original petition, he states that he did not knowingly and voluntarily plead guilty but he bases this claim on his arguments that he was not mentally competent at the time to enter into the plea agreement (ECF No. 7, p. 9). Mental incompetence as the basis for a guilty plea that is not voluntary is a different core of alleged facts—and, in fact, a contradictory set of alleged facts—than the assertion that Uribe was not adequately apprised of the discovery and of possible defenses. Mental incompetence is also a different set of alleged facts than the assertion that counsel failed to explain the

---

[2] Uribe incorrectly argues that his federal claims can relate back to his timely filed state postconviction petition (ECF No. 25, pp. 2-3).

standard of proof. Grounds 1.2 and 3 do not relate back to the original petition, and therefore, they are both therefore, untimely.

**Ground 1.3**

Uribe argues that NRS 62B.330(3) is unconstitutional in that it allows a juvenile accused of murder to be charged as an adult without the due process of a court determination as to whether a sixteen-year-old has the mental capacity to understand the consequences of his actions or his mental health/competency, including because he was placed on suicide watch while in custody and was also administered antidepressants (ECF No. 23, p. 4; *see also* exh. 77, p. 12-13).

In his original petition, Uribe argues that his due process rights (as well as his right to effective assistance of counsel) were violated because, though he was sixteen at the time of the crime, a determination regarding his mental capacity, mental health and/or competency was never made (ECF No. 7, p. 3). While may have introduced a new legal theory, ground 1.3 is sufficiently tied to the same operative facts set forth in the original, *pro se* petition. Ground 1.3 relates back and is timely.

**Ground 2**

Uribe argues that his counsel was ineffective for failing to litigate his extradition from Mexico on the basis that the extradition of Uribe, a minor, violated Fifth Amendment due process (ECF No. 23, p. 4-6). Uribe did not set forth any claims that relate to his extradition at all in his original petition. Ground 2 of the amended petition differs in time and type and does not share a common core of operative facts with any claims in the original petition. Accordingly, ground 2 does not relate back and is untimely.

**Ground 5**

The trial court's credit for time served was improper, and counsel was ineffective for failing to ensure that Uribe received credit for all time served in custody (ECF No. 23, p. 4, 11-13). In his original petition, Uribe makes no reference to the calculation of his

4

sentence or credit for time served whatsoever. Ground 5, therefore, does not relate back and is untimely.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 24) is **GRANTED** in part as follows:

Grounds 1.2, 2, 3 and 5 are all **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

DATED: MARCH 27, 2018.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE